IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY ) <br> COMPANY OF AMERICA, as subrogee of ) <br> Leslie's Pool Mart, Inc., ) <br> ) <br>     Plaintiff, ) <br> ) <br> LESLIE'S POOLMART, INC., ) <br> ) <br>     Intervenor, ) <br> ) <br> v. ) <br> ) <br> THE LAMAR COMPANY, LLC, f/k/a ) <br> LAMAR CORPORATION, ) <br> ) <br>     Defendant/Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R. R. CASSIDY, INC., ) <br> ) <br>     Defendant/Third Party Defendant. ) | CIVIL ACTION  07-0704-KD-C |

**ORDER**

This matter is before the court on the motion for leave to file amended complaint filed by plaintiff Travelers Property Casualty Company of America (Travelers), the response filed by defendant The Lamar Company, LLC (Lamar), and Travelers' reply,  (docs. 46, 51, 52).  Upon consideration, and for the reasons set forth herein, Travelers' motion to amend is **GRANTED**.

Travelers seeks to amend its complaint to add a claim for negligent supervision against Lamar on basis that two of Lamar's employees, including its operations manager, had control and supervision over R. R. Cassidy, Inc.'s (Cassidy) installation of the billboard sign on property leased from Leslie's Poolmart, Inc., Travelers' subrogee, but negligently supervised Cassidy's pour of the sign's concrete footings.  Travelers seeks to allege that Lamar owed Leslie's a duty

to ensure that Cassidy was competent and performed the installation in a workmanlike manner, and therefore, Lamar breached that duty by way of its negligent supervision which resulted in the failure of the footings, the falling of the billboard sign, and resulting damage to Leslie's property and business.

In response, Lamar argues that the motion to amend is futile because Travelers fails to allege that there is a master-servant relationship between Lamar and Cassidy and that there is no tort of negligent supervision absent a master-servant relationship. Lamar argues that a contractor may become the master of a subcontractor only if it retains sufficient right to control the manner in which the subcontractor works, but that Travelers has not plead that such control exists. Lamar also argues that the amendment is futile because there is no evidence to support a finding that a master-servant relationship exists between Lamar and Cassidy.

Lamar answered the complaint. Therefore, at this stage in the proceedings, leave to amend is governed by Rule 15(a)(2) which states that after a responsive pleading to the complaint has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir.2001). Lamar has not filed a written consent and instead argues that Travelers' motion to amend should be denied because it is futile. Thus, the court must determine whether leave to amend should be given. Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001).

The United States Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227

2

(1962). Therefore, the court must have a substantial reason to deny a motion to amend. Laurie, 256 F.3d at 1274. Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman, 371 U.S. at 182, 83 S.Ct. 227; see also Hargett v. Valley Fed. Savings Bank, 60 F.3d 754, 761 (11th Cir.1995).

Lamar argues that allowing the proposed amended complaint would be futile because Travelers has failed to allege a necessary element of a negligent supervision claim, i.e., that there was a master-servant relationship between Cassidy and Lamar. The court acknowledges that there is a factual issue as to whether such a relationship exists. However, at this stage, the proposed amended complaint sufficiently gives Lamar fair notice of the negligent supervision claim which presupposes a master-servant relationship and contains sufficient factual allegations upon which the claim is based. See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) ("However, a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action. . . . Thus, at a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory.") (citation omitted). As has long been the case, discovery may "disclose more precisely the basis of both claim and defense" and "define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957).

Accordingly, because plaintiff "ought to be afforded an opportunity to test [its] claim on the merits" Foman, 371 U.S. at 182, and because "leave shall be freely given when justice so requires[]" Bryant, 252 F. 3d at 1163, Travelers' motion for leave to amend complaint (doc. 46) is **GRANTED**.

**DONE** and **ORDERED** this 9th day of March, 2009.

 s / Kristi K DuBose  
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**